IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM BARNES, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. |
| | ) | |
| VS. | ) | |
| | ) | |
| FERRELL ELECTRIC, INC. | ) | **COMPLAINT** |
| and JAMES N. FERRELL | ) | JURY DEMANDED |
| | ) | FAIR LABOR STANDARDS |
| | ) | ACT – OVERTIME |
| | ) | CLASS ACTION |
| Defendants. | ) | |

Plaintiff, LANCE WILLIAM BARNES, by way of his Complaint in the above captioned matter, would allege and show unto this Honorable Court the following:

Introduction

1.This is a civil representative action brought by Named Plaintiff LANCE WILLIAM BARNES ("BARNES") ("Plaintiff" or "Named Plaintiff"), in both his individual and representative capacities against defendants FERRELL ELECTRIC, INC. and JAMES N. FERRELL; (collectively "Defendants").

2. This action is brought under the the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

3. Plaintiff and other similarly situated employees who are or were employed by Defendants aver that Defendants willfully failed and/or refused to pay overtime compensation to Plaintiff and other similarly situated employees who were or are employed by Defendants, in violation of the FLSA.

4. Plaintiff and other similarly situated employees who are or were employed by Defendants also aver that Defendants' failure and/or refusal to pay overtime compensation to them was both intentional and willful and was not good faith.

5. Defendants told Plaintiff and all other similarly situated employees that Defendants did not have to pay overtime.

6. Defendants failed to properly disclose or apprise Plaintiff and all other similarly situated employees of their rights under the FLSA, as required by FLSA and regulations thereunder, 29 C.F.R. § 516.4.

7. Defendants did not provide any posting about the Fair Labor Standards Act in the workplace or about workers' rights to overtime pay as required by FLSA and regulations thereunder, 29 C.F.R. § 516.4.

8. The Defendants intentionally misled and deceived Plaintiffs about their rights to overtime wages under the FLSA.

9. The Defendants intentionally hired employees who were not informed of their legal rights to overtime wages.

10. The statute of limitations should be tolled due to the Defendants' deceptive and FLSA- noncompliant conduct.

Jurisdiction and Venue

11. This Court has jurisdiction over the claims presented pursuant to 29 U.S.C. § 216. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331

because this action is based on unpaid overtime compensation under the FLSA.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendants have their principal place of business in Columbia County, Georgia and the acts complained of in this Complaint occurred in Columbia County, Georgia; other counties in Georgia; and other counties in South Carolina.

Parties

13. BARNES is a resident of Columbia County, Georgia, and is a proper plaintiff in this matter as he was an employee who was employed as the terms are defined by 29 U.S.C. § 203.

14. FERRELL ELECTRIC, INC. ("FERRELL ELECTRIC") is a corporation organized and existing under the laws of the State of Georgia, and it maintains an office in Columbia County, Georgia, from which it regularly conducts business, including, but not limited to calculating payroll; analyzing the immigration status of employees; issuing paychecks to its employees; and undertaking personnel, financial, and day-to-day business decisions. FERRELL ELECTRIC is and has been at all times material herein an employer as that term is defined by 29 U.S.C. § 203.

18. JAMES N. FERRELL A/K/A JIMMY FERREL ("FERRELL") is and has been an officer and owner of FERRELL ELECTRIC, and at all times material herein, actively engaged in the management and direction of employees, including the Plaintiff, and employee pay matters, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to Plaintiff. FERRELL is and has been at all times material herein an "employer" within the meaning 29 U.S.C. § 203. FERRELL is a resident of Columbia County, Georgia.

21. At all times material hereto, Plaintiff was an employee of Defendants within the

meaning of 29 U.S.C. § 203(e).

22. Defendants are an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the FLSA, in that Defendants are for profit businesses which have gross volume of sales in excess of $500,000 per annum and has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; as such terms are defined in the FLSA. Defendants are employers subject to the jurisdiction of the FLSA.

23. At all times herein mentioned, the acts and omissions of the Defendants, concurred in and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

24. At all times herein mentioned, the Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

25. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

26. At all times material hereto, Plaintiff was individually engaged in interstate commerce.

## Factual Allegations

27. On or about December 18, 2011 BARNES began working full time for Defendants as an electrician helper.

28. BARNES was initially paid $10.00 per hour.

29. BARNES recorded his time worked for Defendants using a paper time sheet.

30. BARNES is often suffered or required to work more than the eight hours each day.

31. During BARNES's employment with Defendants, he routinely worked over (40) forty hours per week for Defendants.

32. Defendants did not pay BARNES overtime pay for the overtime hours he worked for Defendants.

33. Defendants have failed to pay BARNES overtime pay for work performed over forty hours in a given work week.

34. BARNES's employment with Defendants ended on March 11, 2013.

Class Action Allegations

35. This action is currently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for owed overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA.

36. In addition to the Plaintiff named herein, there are numerous employees and former employees of Defendants who are similarly situated to the Plaintiff named herein, in that such similarly situated persons, who, like the Plaintiff, in violation of FLSA, have not been properly paid overtime.

37. Plaintiff named herein brings this representative action on behalf of herself and all

other similarly situated employees and/or former employees ("Uncompensated Employees") pursuant to 29 U.S.C. § 216(b). The cohort of Uncompensated Employees that Plaintiff seeks to represent is defined as follows: All of Defendants' present and former non-exempt employees who were caused to sustain damages or who will sustain damages because they were not paid overtime.

38. The precise number of Uncompensated Employees and their addresses are unknown to Plaintiff. These employees may be identified from Defendants' records, and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

39. There is a well-defined community of interest in the questions of law and fact involved in this case which affect all Uncompensated Employees. Questions of law and fact common to Uncompensated Employees include, but are not limited to, the following: a. Whether Defendants failed to pay Plaintiff and other Uncompensated Employees overtime wages that were legally due and owing to them pursuant to FLSA; b. Whether Plaintiff named herein and other Uncompensated Employees are entitled to the relief prayed for below; and c. The proper measure of the Plaintiff and Uncompensated Employees' damages.

40. There is no apparent benefit to be derived from maintaining this action individually by Plaintiff or each putative class member. Plaintiff and Uncompensated Employees share similar backgrounds, residency situations, damage claims, and work environment. Therefore each individual case will be substantively similar and better maintained as a class action.

41. This is the first action commenced in this matter by any member of the class.

42. Once a class is established, Named Plaintiff foresees little difficulty in managing such a class action. Named Plaintiff and Uncompensated Employees share similar

background, and employment identities, all of which will make the maintenance of this action as a class action eminently achievable.

43. Wherefore, for the foregoing reasons, Named Plaintiff seeks certification of the instant matter as a class action pursuant to 29 U.S.C. § 216(b).

Count I Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq.
(Collection of Wages)

44. Named Plaintiff incorporates the allegations above as though fully alleged herein.

45. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff has consented in writing to be party Plaintiff in this FLSA action.

46. Plaintiff, at all times pertinent hereto, has been a non-exempt employee within the meaning of the FLSA and the implementing rules and regulations of the FLSA.

47. Plaintiff never supervised employees with Defendants.

48. Plaintiff never exercised independent judgment or discretion on the job with Defendants.

49. The Defendants violated 29 U.S.C. § 207 by failing to pay the Named Plaintiff and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty (40) hours in each workweek.

10. In particular, Defendants failed to pay overtime compensation for all hours by Plaintiff resulting from his compensable time spent returning to the Defendants' place of business at the end of each work day. Additionally, Defendants failed to pay

overtime compensation for all hours spent by Plaintiff resulting from his compensable time spent loading, unloading, cleaning, and maintaining Defendants' work trucks at the beginning and end of each work day

50. The Defendants' failures to pay the Named Plaintiff and others similarly situated the federally mandated overtime wage rate, for all time they were employed in excess of forty (40) hours in a workweek, are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. As a consequence of the Defendants' violations of the FLSA, the Plaintiff and others similarly situated are now entitled to recover their unpaid overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

52. Through the actions alleged above, the Defendants failed and/or refused to pay to the Plaintiff and similarly situated employees overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

53. The actions of the Defendants were taken with willful disregard for the rights of the Plaintiff and similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

54. As a result of the Defendant's unlawful conduct, the Plaintiff and all similarly situated employees suffered a loss of wages.

55. For violations of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., 29 U.S.C. § 216(b) allows Plaintiff and all similarly situated employees to recover from Defendants, in addition to any judgment awarded, an additional equal amount as liquidated damages. Title 29 U.S.C. § 216(b) further provides that Plaintiff and all other similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorney's fee

to be paid by the Defendants.

Prayer for Relief

WHEREFORE, Plaintiff BARNES prays this Honorable Court for the following relief:

A. An order appointing Named Plaintiff and their counsel of record to represent all other Uncompensated Employees;

B. An order conditionally certifying this case as a collective action;

C. An order declaring that the defendants willfully violated the overtime provisions of the Fair Labor Standards Act, as set forth in Count One;

D. An order that the Defendants be permanently enjoined from the improper activities and practices described herein;

F. Judgment against the Defendants, jointly and severally, in the amount of economic damages, compensatory damages, and liquidated damages to be determined at trial, pre-judgment interest, plus attorneys' fees, costs of this action, and any other relief this Honorable Court deems just and proper to award.

Plaintiff HEREBY REQUESTS A TRIAL BY JURY.

Respectfully submitted,

April 2, 2013

s/John P. Batson
JOHN P. BATSON (ID#042150)
P.O. BOX 3248
AUGUSTA, GEORGIA 30904-4459
(706) 737-4040 Fax 706-736-3391 jpbatson@aol.com
Attorney for Plaintiff LANCE WILLIAM BARNES