IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LANCE WILLIAM BARNES,          *
                               *
     Plaintiff,                *
                               *        CV 113-056
     v.                        *
                               *
FERRELL ELECTRIC, INC., and    *
JAMES N. FERRELL,              *
                               *
     Defendants.               *

**O R D E R**

Presently pending before the Court is the parties' stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. no. 15.)

The parties' stipulation of dismissal of Plaintiff's claims is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-209. The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of FLSA's minimum employee protections. Id. Accordingly, FLSA's provisions are

not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer. However, in order to dismiss this FLSA case *with prejudice*, the Court must approve

2

the settlement for fairness. See id.; Bleecher v. Nightingale Nurses, LLC., No. 07-80378-CIV, 2010 WL 3834645, at *9 (S.D. Fla. Sept. 8, 2010).

> In the typical settled case, the district judge remains unaware of the terms of compromise, and the parties enforce the settlement agreement, if necessary, only through a separate action. The parties maintain the confidentiality of their compromise by submitting a stipulation for dismissal under Rule 41, Federal Rules of Civil Procedure. In an FLSA case, however, Lynn's Food requires the parties to obtain judicial approval of the compromise.

Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010). Therefore, the parties may not rely on their stipulation of dismissal and will need to file a joint motion for approval of settlement of this FLSA action.

In filing the joint motion, the Court emphasizes that certain information is necessary to permit the Court to assess and approve the fairness of the settlement. First, it should be clear from the record that the parties are in fact engaged in a bona fide dispute as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA. See Lynn's Food, 679 F.2d at 1353 n.8, 1355. Second, the parties should attach the settlement agreement to their joint motion.[1] See Dees, 706 F. Supp. 2d at 1244. Third, the Court warns that a pervasive release in the settlement agreement will be considered

---

[1] The Court will not seal the motion or the terms of the settlement, unless there are compelling reasons to justify sealing the record which outweigh the interest in public access. See Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1-2 (M.D. Ga. Dec. 23, 2011); Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *2-3 (W.D.N.Y. Nov. 2, 2010); Dees, 706 F. Supp. 2d at 1245.

3

unfair and warrant denial of the joint motion for approval of the settlement.[2] The release should be limited to FLSA liability. Fourth, the motion must indicate the amount of the settlement allocated to attorney's fees and whether the attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiff for back wages and liquidated damages.[3]

Accordingly, the stipulation of dismissal (doc. no. 15) is **REJECTED**. The parties are **DIRECTED** to file within **twenty-one (21) days** of the date of this Order: (1) a joint motion for approval of the settlement agreement as explained above, or (2)

---

[2] "'Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.'" Webb, 2011 WL 6743284, at *3 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). "Indeed, a pervasive release in a FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Id. (quotations omitted).

[3] This information is necessary because the Eleventh Circuit has stated that:

> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (affirming district court's rejection of forty percent contingency fee agreement in settlement of FLSA case); see also Martin v. Huddle House, Inc., No. 2:10-CV-082, 2011 WL 611625, at *1 (N.D. Ga. Feb. 11, 2011) ("Part of this reasonableness review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel."). Further, "[d]istrict courts in this circuit have indicated that if attorney's fees are negotiated simultaneously with a damages award in a FLSA settlement, this should trigger increased scrutiny of the reasonableness of the settlement." Martin, 2011 WL 611625, at *2; see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (requiring motion to approve settlement agreement to represent "that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff").

a report setting forth the status of settlement discussions and the progress of this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of October, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA