IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM BARNES, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:13-cv-00056-JRH-BKE |
| | ) | |
| Vs. | ) | |
| | ) | |
| FERRELL ELECTRIC, INC. and | ) | FAIR LABOR STANDARDS |
| JAMES N. FERRELL | ) | ACT-OVERTIME |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION AND SUPPORTING MEMORANDUM FOR APPROVAL OF SETTLEMENT OF FLSA ACTION

**COME NOW**, Plaintiff Lance William Barnes ("Barnes") and Defendants Ferrell Electric, Inc. and James N. Ferrell ("Ferrell Defendants") (collectively "the Parties") and pursuant to the Court's Order entered on October 16, 2013 file this Joint Motion and Supporting Memorandum for Approval of Settlement of the above-styled FLSA action, showing the Court as follows:

## STATEMENT OF RELEVANT FACTS

On April 8, 2013, Barnes filed the instant FLSA class action against the Ferrell Defendants pursuant to 29 U.S.C. § 201, *et seq*. (*See* Complaint). Barnes claims to have worked as an electrician's helper for the Ferrell Defendants from about December 18, 2011 through March 11, 2013 (or approximately 64 weeks) earning $10.00 per hour. (Complaint, ¶¶27, 28, 34; Affidavit of Arthur H. Shealy, ¶¶3 & 5, attached hereto and incorporated herein by reference as **Exhibit 1**). Barnes alleges to have been required to work more than 8 hours a day and 40 hours per week without receiving overtime pay. (Complaint, ¶¶30-33; Shealy Affidavit, ¶¶4 & 5). As a result, Barnes sought recovery for overtime wages, liquidated damages, attorneys' fees, and

1

costs under the FLSA.  (Complaint, ¶35).

After filing Answers to the Complaint, counsel for the Ferrell Defendants reviewed Barnes's timesheets and offered him full relief of $10,350.00 for his wage and liquidated damages claims.  (Shealy Affidavit, ¶6).  Barnes accepted the offer (which Barnes was satisfied with) with the Parties later settling the attorneys' fees and costs component of the case with the Ferrell Defendants paying a total settlement amount of $18,000.00.  (Shealy Affidavit, ¶¶7 & 8; Affidavit of Arthur H. Shealy - Re: Costs and Attorney Fees, ¶¶6 - 8, attached hereto and incorporated herein by reference as **Exhibit 2**; *see also* Settlement and Mutual Release Agreement ("Settlement Agreement") attached hereto and incorporated herein by reference as **Exhibit 3**).

After the Settlement Agreement was drafted, the Ferrell Defendants received a $1,352.70 IRS Notice of Levy on Wages, Salary, and Other Income for Barnes.  From the $18,000.00 in settlement funds, the Ferrell Defendants paid the IRS $1,352.70 on Barnes' behalf to settle his mandatory tax levy.  (*See generally*, Settlement Agreement, ¶¶2.0-2.3; *see also* IRS document titled "We Released The Taxpayer Levy" attached hereto and incorporated herein by reference as **Exhibit 4**).

### MEMORANDUM OF LAW

### ARGUMENTS AND CITATION TO AUTHORITY

### I.      The Settlement Is Fair To Barnes And His Counsel Warranting Approval

Barnes received his full wage and liquated damages with his counsel received 100% of his attorneys' fees as well as some costs.  The Ferrell Defendants paid Barnes a total of $10,350.00 for his claims (with $1,352.70 of this amount being paid directly to the IRS to satisfy Barnes' mandatory tax obligation).  Barnes' attorney also received all of his attorneys' fees being

paid $7,500.00 with only the filling fees being partially reduced. Barnes' attorney was initially seeking $5,000.00 and then $7,500.00 in fees after the case progressed and more work was performed. Therefore, the only real reduction to the cost component of the case was that the filing fees were reduced from $615.00 to $150.00.

Given that this settlement is a fair and reasonable compromise of Barnes' FLSA claims with the attorneys' fees component being reasonable, the Parties jointly move that it be approved by the Court. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

## II.    The Court's Concerns Are Valid But Non-Issues In This Settlement

In its Order, the Court raises four concerns about approving this settlement, all of which are non-issues. First, the Court states "it should be clear from the record that the parties are in fact engaged in a bona fide dispute as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA." This is clearly an FLSA action. The caption of the Complaint states:

> **COMPLAINT**
> JURY DEMANDED
> FAIR LABOR STANDARDS
> ACT - OVERTIME
> CLASS ACTION

Barnes has clearly pled FLSA relief including overtime wages, liquidated damages, attorneys' fees, and costs:

> 2.    This action is brought under the [sic] Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

3

\*      \*      \*

3.      Plaintiff and other similarly situated employees who are or were employed by Defendants aver that Defendants willfully failed and/or refused to pay overtime compensation to Plaintiff and other similarly situated employees who were or are employed by Defendants, in violation of the FLSA.

\*      \*      \*

35. .   This action is currently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for owed overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA.

\*      \*      \*

49.     The Defendants violated 29 U.S.C. § 207 by failing to pay the Named Plaintiff and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forth (40) hours in each workweek.

Prayer for Relief

\*      \*      \*

F.      Judgment against the Defendants, jointly and severally, in the amount of economic damages, compensatory damages, and liquidated damages to be determined at trial, pre-judgment interest, plus attorneys' fees, costs of this action, and any other relief this Honorable Court deems just and proper to award.

Second, as directed by the Order, the Settlement Agreement is attached hereto as **Exhibit 3** for the Court's review and consideration.

Third, the release language is not pervasive given that Barnes has been made whole regarding his wage and liquidated damages claims and his attorney has been fully compensated also receiving costs. Most importantly, Barnes is no longer any employee of Ferrell and has not been since March 11, 2013. Therefore, the release language in the Settlement Agreement cannot be found to have been used by an employer "to leverage a release from liability unconnected to the FLSA" given that Barnes no longer work for Ferrell (and did not during settlement

4

negotiations). *Webb v. CVS Caremark Corp.*, No. 5:11-CV-106, 2011 WL 6743284, at \*1-2 (M.D. Ga. Dec. 23, 2011). The release contains standard language (which applies equally to Barnes and the Ferrell Defendants) which was reviewed and approved by Barnes and his attorney with all Parties finding the language to be acceptable.

Fourth, the attorneys' fees component of this case was negotiated separately and after Barnes' wage and liquidated damages claims were resolved. (Shealy Costs Affidavit, ¶¶6 - 8 (**Exhibit 2**)). The amount of attorneys' fees paid was also reasonable. (Shealy Costs Affidavit, ¶9). The Ferrell Defendants paid $18,000.00 to settle this matter with $7,500.00 being paid in attorneys' fees.

The Parties first settled Barnes' wage and liquidated claims before settling the attorneys' fees and costs component. (Shealy Cost Affidavit, ¶¶6 - 8). It was not until after Barnes' wage and liquidated damages claims had been completely resolved that the Parties even engaged in separate negotiations regarding the attorneys' fees and costs to be paid directly to Barnes' counsel. (Shealy Cost Affidavit, ¶¶6 - 8). As a result, the concerns addressed in *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) are non-issues here: "[The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Additionally, since the claims in this case were settled in two distinct phases and not simultaneously, there is no need for strict scrutiny of the settlement. *See Martin v. Huddle House, Inc.*, No. 2:10-CV-082, 2011 WL 611625, at \*2 (N.D. Ga. Feb. 11, 2011), "[d]istrict courts in this circuit have indicated that if attorney's fees are negotiated simultaneously with a damages award in a FLSA settlement, this should trigger increased scrutiny of the reasonableness of the settlement."

5

**WHEREFORE**, the Parties respectfully request that this Motion be granted and that the

Settlement Agreement and Stipulation of Dismissal With Prejudice be approved.

Respectfully submitted and consent to by:

**JOHN P. BATSON, ATTORNEY AT LAW**

/s/ John P. Batson
John P. Batson
Georgia Bar Number: 042150

*Attorney for Plaintiff Lance William Barnes*

P.O. Box 3248
Augusta, Georgia 30904-4459
Telephone: (706) 737-4040
Facsimile: (706) 736-3391
jpbatson@aol.com

**ARTHUR H. SHEALY LAW OFFICE**

/s/ Arthur H. Shealy
Arthur H. Shealy
South Carolina Bar Number: 14491

*Attorney for Plaintiff Lance William Barnes*

1010 Old Plantation Road
North Augusta, South Carolina 29841
Telephone: (803) 278-5149
Ashealy4@comcast.net

6

SMITH, CURRIE & HANCOCK LLP

/s/ Timothy W. Johnson
Timothy W. Johnson
Georgia Bar Number: 395600

*Attorneys for Defendants Ferrell Electric,
Inc. and James N. Ferrell*

2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
Telephone: (404) 521-3800
Facsimile:  (404) 688-0671

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOINT MOTION AND**

**SUPPORTING MEMORANDUM FOR APPROVAL OF SETTLEMENT OF FLSA**

**ACTION** is being electronically filed with the Clerk of Court on November 6, 2013, using the

CM/ECF system, which will send e-mail notification of such filing to the following counsel:

> John P. Batson, Esq.
> John P. Batson, Attorney at Law
> P.O. Box 3248
> Augusta, Georgia 30904-4459
> jpbatson@aol.com
> *Attorney for Plaintiff Lance William Barnes*
>
> Arthur H. Shealy, Esq.
> Arthur H. Shealy Law Office
> 1010 Old Plantation Road
> North Augusta, South Carolina 29841
> *Attorney for Plaintiff Lance Williams Barnes*

/s/ **Timothy W. Johnson**
Timothy W. Johnson
Georgia Bar Number: 395600

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM BARNES, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 1:13-cv-0056-JRH-WLB |
| | ) | |
| VS. | ) | AFFIDAVIT OF |
| | ) | ARTHUR H. SHEALY |
| FERRELL ELECTRIC, INC. | ) | IN SUPPORT OF |
| and JAMES N. FERRELL | ) | JOINT MOTION TO APPROVE |
| | ) | SETTLEMENT |
| Defendants. | ) | |

AFFIDAVIT OF ARTHUR H. SHEALY

PERSONALLY appeared before me, BRANDY N. SMITH-BROOKSHIRE

the undersigned deponent who being duly sworn says that:

1.     My name is ARTHUR H. SHEALY. I have read this statement consisting of 4

pages, each of which I have signed. I fully understand this statement and it is true,

accurate, and complete to the best of my knowledge and belief. I make this statement

freely and voluntarily without any threats or reward, or promises of reward having

been made to me in return for it. I have personal knowledge of the facts stated herein.

I am over eighteen years of age and am competent to testify in court. I make these

statements under penalty of perjury.

2      I am Attorney for  Plaintiff, LANCE WILLIAM BARNES ("BARNES"), in

this Fair Labor Standards Act ("FLSA") suit against FERRELL ELECTRIC, INC. and

JAMES N. FERRELL ("FERRELL").

3.     During my interviews of BARNES he alleged that he worked for FERRELL



from December 18, 2011 through May 1, 2013 as a nonexempt hourly electrician at

FERRELL's place of business in Columbia County, Georgia.  (hereinafter "SHOP").

4.     BARNES made the following statements to me: FERRELL required BARNES

to report for work at 6:45 AM.  BARNES spent until 7 AM loading FERRELL'S work

trucks with tools and supplies.  FERRELL did not start compensating BARNES until 7

AM.  FERRELL ceased compensating BARNES at 3:30 PM.  At 3:30 PM, FERRELL

required BARNES to travel back to FERRELL's SHOP in FERRELL'S work trucks to

unload tools and supplies from these work trucks.  FERRELL did not compensate

BARNES for any of the time spent loading trucks in the morning, traveling back to

FERRELL's SHOP, or unloading FERRELL'S trucks at FERRELL's SHOP in the

afternoon.  FERRELL never compensated BARNES for these hours at either

BARNES's regular rate of pay or at the overtime rate of one and one-half of the

regular rate for the time over forty hours per week.

5.     In my  PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES filed and

served on June 28, 2013, I responded to Item 3 as follows:

> 3.     A computation of each category of damages claimed by the
> disclosing party — who must also make available for inspection and
> copying as under Rule 34 the documents or other evidentiary material,
> unless privileged or protected from disclosure, on which each
> computation is based, including materials bearing on the nature and
> extent of injuries suffered; RESPONSE:
>        Barnes's damages are estimated as follows:
>        Barnes worked for Ferrell Electric, Inc. and James N. Ferrell
> ("Defendants") from December 15, 2011 to March 11, 2013. This
> period includes approximately 64 weeks. Each day, Barnes was
> uncompensated for 15 minutes of loading time each morning at the
> Defendants' business location, 15 minutes of loading time each
> afternoon at the last jobsite of the day, and 15 minutes of unloading
> time each afternoon at the Defendants' business location. Every day
> Barnes also spent approximately 45 minutes traveling from the last

jobsite of the day back to the Defendants' business location. This total uncompensated time amounted to 1.5 hours per day. Barnes's total uncompensated time was 7.5 hours each week. For the 64 weeks Barnes worked for Defendants, his total uncompensated time was 480 hours. At Barnes's hourly rate of $10 per hour, his total uncompensated pay is $4,800.00. Applying the overtime factor of 1.5 to this number results in the figure of $7,200.00. Applying the liquidated damages factor of two yields total damages of $14,400.00.

Costs – Filing Fee $350.00, Service fee $65.00, Pro Hac Vice Filing Fee $200.00

Attorney Fees – $5,000.00

6.      On July 15, FERRELL's counsel filed, served and emailed FERRELL's Rule 68 Offer of Judgment to settle BARNES wage claims for the amount of $10,350.00. FERRELL also attached a document titled "LANCE BARNES REPORTED & PAID TIME.PDF." This email and its attachments are attached as Exhibit "A." I reviewed this email and its attachments. From the payroll information provided by FERRELL, I created a spreadsheet that calculated the damages due BARNES. My calculations yielded damages in the amount of $12,760.00.

7.      On July 16, 2013, I responded with the email and attachments attached as Exhibit "B." The attachments were titled "BARNES.PAYROLL.MARKUP.PDF" and "compensation.calculation.ods." FERRELL's counsel did not respond to this email or its attachments. I discussed FERRELL's offer to settle for $10,350.00 with BARNES and explained that my calculation of $12,760.00 was based on an estimate of travel time back to FERRELL's SHOP and an estimate of unloading time at FERRELL's SHOP. I also explained to BARNES that he risked liability for FERRELL's attorney fees if he did not recover more than FERRELL's Rule 68

Offer. BARNES instructed me that he was satisfied with the $10,350.00 amount offered and instructed me to accept the offer if I could not persuade FERRELL's counsel to offer more.   FERRELL's counsel did not offer more.

8.     On July 29, 2013, I served and emailed an Acceptance of Rule 68 Offer on FERRELL's counsel. A copy of this document is attached as Exhibit "C."

9.     The above stated facts are true and correct.

Executed under penalty of perjury on October 22, 2013, in the County of Aiken, State of South Carolina.

ARTHUR H. SHEALY (ID# 6605)
1010 OLD PLANTATION ROAD
NORTH AUGUSTA, SC 29841
(803) 278-5149  ashealy4@comcast.net
South Carolina State Bar #14491


Subscribed and sworn to before me,
under penalty of perjury, this October 22, 2013
at North Augusta, SC

Notary Public for the State of South Carolina
My Commission Expires: July 2, 2020

Gmail - Offer of Judgment



Exhibit A

Arthur H Shealy <arthur.shealy@gmail.com>

---

## Offer of Judgment

1 message

---

**Johnson, Tim** <TWJohnson@smithcurrie.com>                                   Mon, Jul 15, 2013 at 11:26 AM
To: Arthur H Shealy <arthur.shealy@gmail.com>, "jpbatson@aol.com" <jpbatson@aol.com>

Gentlemen:

Attached is a copy of the offer of judgment which has today been served.

Basically, we are offering Barnes full relief, 7.5 hours a week, as claimed in the mandatory interrogatories.  The total doubled is $10,350.  The variance from your total is only because in nineteen of the weeks where he worked another 7.5 hours, he would have been on straight time, not overtime.  I attach Barnes weekly hour totals to verify this.

Upon acceptance we would also ask the Judge to determine fees and costs owed unless we can come to an agreement on those as well which I hope we would be able to.  Contained in our offer of judgment are cites to cases out of the Eleventh Circuit and Supreme Court which deal with pertinent issues.

As you know, if the offer is declined, there is no further obligation on Ferrell for attorney's fees, and indeed Ferrell would have a claim against Barnes for its further fees.

I hope we can come to a resolution.

Tim Johnson

---

**2 attachments**

📄 **Offer(1)-1.pdf**
   92K

📄 **Lance Barnes Reported & Pd Time.pdf**
   64K

Exhibit A
OFFER OF JUDGMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM BARNES, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:13-cv-00056-JRH-BKE |
| | ) | |
| VS. | ) | |
| | ) | |
| FERRELL ELECTRIC, INC. and | ) | FAIR LABOR STANDARDS |
| JAMES N. FERRELL | ) | ACT-OVERTIME |
| | ) | |
| Defendants. | ) | |

## OFFER OF JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants Ferrell Electric, Inc. and James N. Ferrell (collectively "Ferrell"), by and through their undersigned counsel of record, makes the following Offer of Judgment to Plaintiff Lance William Barnes ("Barnes"):

- For Barnes's FLSA claims as alleged in the above-styled action, Ferrell will pay Barnes $10,350.00 which will include payment for Barnes's overtime pay (for the period December 15, 2011 through March 11, 2013), and liquidated damages.

- Upon acceptance of this offer Ferrell will request the court to determine allowable attorneys' fees, expenses, and costs to date.

Barnes has 14 days from the date of service of this Offer of Judgment to serve written notice of the acceptance of this offer. If Barnes does not accept this offer within 14 days of service of the same, the offer is withdrawn. *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (U.S. 2013); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199 (11th Cir. Ct. App. 2012).

*Exhibit A*
*OFFER OF JUDGMENT*

If the judgment which Barnes finally obtains against Ferrell is not more favorable than the $10,350.00 being offered by Ferrell with this Offer of Judgment, then Barnes will have no further claim for attorneys fees and must pay the costs incurred by Ferrell (defined by the U.S. Supreme Court to include Ferrell's attorneys fee) in defending this action after the date the offer was made.

Respectfully submitted this 15th day of July, 2013.

SMITH, CURRIE & HANCOCK LLP

Timothy W. Johnson
Georgia Bar Number: 395600

*Attorneys for Defendants Ferrell Electric,*
*Inc. and James N. Ferrell*

2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
Telephone: (404) 521-3800
Facsimile:  (404) 688-0671

2

Exhibit A
Offer of Judgement

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of July, 2013, served copies of the within and

foregoing **OFFER OF JUDGMENT** upon the following by United States Mail, in a properly

addressed envelope, with adequate postage affixed thereon, to:

John P. Batson, Esq.
P.O. Box 3248
Augusta, Georgia 30904-4459
(*Attorney for Plaintiff Lance William Barnes*)

Arthur H. Shealy, Esq.
1010 Old Plantation Road
North Augusta, South Carolina 29841
(*Attorney for Plaintiff Lance Williams Barnes*)

Timothy W. Johnson
Georgia Bar Number: 395600

3

Exhibit A
Lance Barnes Reported +
Paid Time.PDF

12:29 PM
07/03/13

## FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 12/21/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 390.00 |
| 12/21/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | | 0.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 0.00 |
| 12/29/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 30.5 | 305.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 305.00 |
| 1/5/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 31.5 | 315.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 315.00 |
| 1/12/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 1/19/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 400.00 |
| 1/26/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1 | 15.00 |
| | | | | | | 415.00 |
| 2/2/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 7.5 | 112.50 |
| | | | | | | 512.50 |
| 2/9/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1.5 | 22.50 |
| | | | | | | 422.50 |
| 2/16/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 320.00 |
| 2/23/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 4.5 | 67.50 |
| | | | | | | 467.50 |
| 3/1/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 3/8/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 400.00 |
| 3/15/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 2.5 | 37.50 |
| | | | | | | 437.50 |
| 3/22/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 10 | 100.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 100.00 |
| 3/29/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 31 | 310.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 310.00 |
| 4/5/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 375.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 375.00 |

Exhibit A

Lance Barnes Reported
& Paid time. PDF

12:29 PM
07/03/13

**FERRELL ELECTRIC CO.,INC.**
**Payroll Transaction Detail**
April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 4/12/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 30 | 300.00<br>0.00 |
| | | | | | | 300.00 |
| 4/19/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>1.5 | 400.00<br>22.50 |
| | | | | | | 422.50 |
| 4/26/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>1.5 | 400.00<br>22.50 |
| | | | | | | 422.50 |
| 5/3/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>1 | 400.00<br>15.00 |
| | | | | | | 415.00 |
| 5/10/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>2 | 400.00<br>30.00 |
| | | | | | | 430.00 |
| 5/17/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 38.5 | 385.00<br>0.00 |
| | | | | | | 385.00 |
| 5/24/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>1 | 400.00<br>15.00 |
| | | | | | | 415.00 |
| 5/31/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 37 | 370.00<br>0.00 |
| | | | | | | 370.00 |
| 6/7/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>1 | 400.00<br>15.00 |
| | | | | | | 415.00 |
| 6/14/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40 | 400.00<br>0.00 |
| | | | | | | 400.00 |
| 6/21/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 39.5 | 395.00<br>0.00 |
| | | | | | | 395.00 |
| 6/28/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 32 | 320.00<br>0.00 |
| | | | | | | 320.00 |
| 7/5/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 28 | 280.00<br>0.00 |
| | | | | | | 280.00 |
| 7/12/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 37 | 370.00<br>0.00 |
| | | | | | | 370.00 |
| 7/19/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 40<br>3.5 | 400.00<br>52.50 |
| | | | | | | 452.50 |
| 7/26/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 38 | 380.00<br>0.00 |
| | | | | | | 380.00 |
| 8/2/2012 | Paycheck | BARNES, LANCE<br>BARNES, LANCE | 10.00<br>15.00 | Hourly Rate 1<br>Hourly Rate 2 | 32 | 320.00<br>0.00 |
| | | | | | | 320.00 |

Exhibit A Lance Barnes reported & Paid time.PDF

12:29 PM
07/03/13

# FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 8/9/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 33 | 330.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 330.00 |
| 8/16/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39.5 | 395.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 395.00 |
| 8/23/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 320.00 |
| 8/30/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 400.00 |
| 9/6/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 320.00 |
| 9/13/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 9/20/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 2 | 30.00 |
| | | | | | | 430.00 |
| 9/27/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 390.00 |
| 10/4/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 10/11/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 10/18/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 390.00 |
| 10/25/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 33 | 330.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 330.00 |
| 11/1/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 34.5 | 345.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 345.00 |
| 11/8/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 375.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 375.00 |
| 11/15/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 11/21/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 11/29/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 24.5 | 245.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 245.00 |

Exhibit A Lance Barnes Reported & Paid Time.PDF

# FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 12/6/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 36 | 360.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 360.00 |
| 12/13/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 320.00 |
| 12/20/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 5 | 75.00 |
| | | | | | | 475.00 |
| 12/21/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 0 | 0.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 0.00 |
| 12/27/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 24 | 240.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 240.00 |
| 1/3/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 25 | 250.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 250.00 |
| 1/10/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 390.00 |
| 1/17/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 36.5 | 365.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 365.00 |
| 1/24/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32.5 | 325.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 325.00 |
| 1/31/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 38 | 380.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 380.00 |
| 2/7/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 400.00 |
| 2/14/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 13 | 130.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 130.00 |
| 2/21/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 375.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 375.00 |
| 2/28/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 400.00 |
| 3/7/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39.5 | 395.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 395.00 |
| 3/14/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 22 | 220.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | 0.00 |
| | | | | | | 220.00 |
| **TOTAL** | | | | | | **23,810.00** |



Exhibit B

Arthur H Shealy <arthur.shealy@gmail.com>

## Re: Offer of Judgment

1 message

**Arthur H Shealy** <arthur.shealy@gmail.com>                    Tue, Jul 16, 2013 at 6:58 PM
To: "Johnson, Tim" <TWJohnson@smithcurrie.com>
Cc: "jpbatson@aol.com" <jpbatson@aol.com>

Tim,

I think we are the right track.  However, I have a few issues.  First, I am not following your numbers.  I have attached a copy of your payroll transaction detail with 7.5 hours allocated each week between straight time and overtime.  I get a total of 186.5 hours of straight time and 301 hours of overtime.  I am also attaching my spreadsheet showing the additional calculation yielding an amount Ferrell owes Barnes of $12,760.00.  Could you please review my spreadsheet and my markup of your payroll detail so that we can agree on the wages owed Barnes.

I am assuming that Ferrell's intent is to concede that Barnes is entitled to attorney's fees.  Ferrell is reserving the right to contest the amount of the attorney's fees in a hearing.  If my assumption is correct, I would like for Ferrell to stipulate that Barnes is the prevailing party and that Ferrell is conceding a judgment in favor of Barnes.

To make any agreement enforceable we should probably style it as a joint consent decree and have the judge approve it as to reasonableness.

Please let me have your comments.


ARTHUR H. SHEALY
ATTORNEY AT LAW
1010 OLD PLANTATION ROAD
NORTH AUGUSTA, SC 29841
803.278.5149
803.278.1038.FAX


On Mon, Jul 15, 2013 at 11:26 AM, Johnson, Tim <TWJohnson@smithcurrie.com> wrote:
> Gentlemen:
>
> Attached is a copy of the offer of judgment which has today been served.
>
> Basically, we are offering Barnes full relief, 7.5 hours a week, as claimed in the mandatory interrogatories.  The total doubled is $10,350.  The variance from your total is only because in nineteen of the weeks where he worked another 7.5 hours, he would have been on straight time, not overtime.  I attach Barnes weekly hour totals to verify this.
>
> Upon acceptance we would also ask the Judge to determine fees and costs owed unless we can come to an agreement on those as well which I hope we would be able to.  Contained in our offer of judgment are cites to cases out of the Eleventh Circuit and Supreme Court which deal with pertinent issues.
>
> As you know, if the offer is declined, there is no further obligation on Ferrell for attorney's fees, and indeed Ferrell would have a claim against Barnes for its further fees.

I hope we can come to a resolution.

Tim Johnson

Exhibit B

---

**2 attachments**

BARNES.PAYROLL.MARKUP.PDF
66K

compensation.calculation.ods
12K

Exhibit B    Barnes.Payroll.Markup.PDF

12:29 PM
07/03/13

# FERRELL ELECTRIC CO., INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 12/21/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 0.00  6.5 |
|  |  |  |  |  |  | 390.00 |
| 12/21/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 |  | 0.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 0.00 |
|  |  |  |  |  |  | 0.00 |
| 12/29/2011 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 30.5 | 305.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 7.5  0.00 |
|  |  |  |  |  |  | 305.00 |
| 1/5/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 31.5 | 315.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 7.5  0.00 |
|  |  |  |  |  |  | 315.00 |
| 1/12/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50  7.5 |
|  |  |  |  |  |  | 407.50 |
| 1/19/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 0.00 |
|  |  |  |  |  |  | 400.00  7.5 |
| 1/26/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1 | 15.00 |
|  |  |  |  |  |  | 415.00  7.5 |
| 2/2/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 7.5 | 112.50 |
|  |  |  |  |  |  | 512.50 |
| 2/9/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00  7.5 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1.5 | 22.50 |
|  |  |  |  |  |  | 422.50 |
| 2/16/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 7.5  0.00 |
|  |  |  |  |  |  | 320.00 |
| 2/23/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 4.5 | 67.50  7.5 |
|  |  |  |  |  |  | 467.50 |
| 3/1/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50  7.5 |
|  |  |  |  |  |  | 407.50 |
| 3/8/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 0.00  7.5 |
|  |  |  |  |  |  | 400.00 |
| 3/15/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 | 2.5 | 37.50  7.5 |
|  |  |  |  |  |  | 437.50 |
| 3/22/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 10 | 100.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 7.5  0.00 |
|  |  |  |  |  |  | 100.00 |
| 3/29/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 31 | 310.00 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 7.5  0.00 |
|  |  |  |  |  |  | 310.00 |
| 4/5/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 375.00  5 |
|  |  | BARNES, LANCE | 15.00 | Hourly Rate 2 |  | 2.5  0.00 |
|  |  |  |  |  |  | 375.00 |

*Exhibit B   Barnes.Payroll.markup.PDF*

12:29 PM
07/03/13

# FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | | Amount |
|------|------|-------------|-------------|--------------|-----|---|--------|
| 4/12/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 30 | 7.5 | 300.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 300.00 |
| 4/19/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1.5 | | 22.50 |
| | | | | | | | 422.50 |
| 4/26/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1.5 | | 22.50 |
| | | | | | | | 422.50 |
| 5/3/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1 | | 15.00 |
| | | | | | | | 415.00 |
| 5/10/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 2 | | 30.00 |
| | | | | | | | 430.00 |
| 5/17/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 38.5 | 15 | 385.00   6 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 385.00 |
| 5/24/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1 | | 15.00 |
| | | | | | | | 415.00 |
| 5/31/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37 | 3 | 370.00   4.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 370.00 |
| 6/7/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 1 | | 15.00 |
| | | | | | | | 415.00 |
| 6/14/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 400.00 |
| 6/21/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39.5 | .5 | 395.00   7 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 395.00 |
| 6/28/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 7.5 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 320.00 |
| 7/5/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 28 | 7.5 | 280.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 280.00 |
| 7/12/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37 | 3 | 370.00   4.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 370.00 |
| 7/19/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00   7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 3.5 | | 52.50 |
| | | | | | | | 452.50 |
| 7/26/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 38 | 2 | 380.00   5.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 380.00 |
| 8/2/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 7.5 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | | 0.00 |
| | | | | | | | 320.00 |

Page 2

Exhibit B Barnes.Payroll.Markup.PDF

12:29 PM
07/03/13

# FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | Amount |
|------|------|-------------|-------------|--------------|-----|--------|
| 8/9/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 33 | 330.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 330.00 |
| 8/16/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39.5 | 395.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 395.00 |
| 8/23/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 320.00 |
| 8/30/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 400.00 |
| 9/6/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 320.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 320.00 |
| 9/13/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 9/20/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 2 | 30.00 |
| | | | | | | 430.00 |
| 9/27/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 390.00 |
| 10/4/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 10/11/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 10/18/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 390.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 390.00 |
| 10/25/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 33 | 330.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 330.00 |
| 11/1/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 34.5 | 345.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 345.00 |
| 11/8/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 375.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 375.00 |
| 11/15/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 11/21/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | 400.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0.5 | 7.50 |
| | | | | | | 407.50 |
| 11/29/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 24 5 0 | 245.00 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | | 0.00 |
| | | | | | | 245.00 |

Exhibit B    Barnes.Payroll.Markup.PDF

12:29 PM
07/03/13

## FERRELL ELECTRIC CO.,INC.
## Payroll Transaction Detail
### April 1, 2011 through July 3, 2013

| Date | Type | Source Name | Sales Price | Payroll Item | Qty | | Amount | |
|------|------|-------------|-------------|--------------|-----|---|--------|---|
| 12/6/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 36 | 4 | 380.00 | 3.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 380.00 | |
| 12/13/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32 | 1.5 | 320.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 320.00 | |
| 12/20/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00 | 7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 . | 5 | | 75.00 | |
| | | | | | | | 475.00 | |
| 12/21/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 0 | 0 | 0.00 | 0 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 0.00 | |
| 12/27/2012 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 24 | 1.5 | 240.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 240.00 | |
| 1/3/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 25 | 1.5 | 250.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 250.00 | |
| 1/10/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39 | 1 | 380.00 | 6.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 390.00 | |
| 1/17/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 36.5 | 3.5 | 365.00 | 4 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 365.00 | |
| 1/24/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 32.5 | 1.5 | 325.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 325.00 | |
| 1/31/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 38 | 2 | 380.00 | 5.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 380.00 | |
| 2/7/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00 | 7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 400.00 | |
| 2/14/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 13 | 7.5 | 130.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 130.00 | |
| 2/21/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 37.5 | 2.5 | 375.00 | 5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 375.00 | |
| 2/28/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 40 | | 400.00 | 7.5 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 400.00 | |
| 3/7/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 39.5 | .5 | 395.00 | 7 |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 395.00 | |
| 3/14/2013 | Paycheck | BARNES, LANCE | 10.00 | Hourly Rate 1 | 22 | 7.5 | 220.00 | |
| | | BARNES, LANCE | 15.00 | Hourly Rate 2 | 0 | | 0.00 | |
| | | | | | | | 220.00 | |
| **TOTAL** | | | | | | | 23,810.00 | |

Exhibit B
Compensation.Calculation.ods

Sheet1

| date | reg | ot | |
|---|---|---|---|
| 20111221 | 1 | 6.5 | 7.5 |
| 20111221 | 0 | 0 | 0 |
| 20111229 | 7.5 | 0 | 7.5 |
| 20120105 | 7.5 | 0 | 7.5 |
| 20120112 | 0 | 7.5 | 7.5 |
| 20120119 | 0 | 7.5 | 7.5 |
| 20120126 | 0 | 7.5 | 7.5 |
| 20120202 | 0 | 7.5 | 7.5 |
| 20120209 | 0 | 7.5 | 7.5 |
| 20120216 | 7.5 | 0 | 7.5 |
| 20120223 | 0 | 7.5 | 7.5 |
| 20120301 | 0 | 7.5 | 7.5 |
| 20120308 | 0 | 7.5 | 7.5 |
| 20120315 | 0 | 7.5 | 7.5 |
| 20120322 | 7.5 | 0 | 7.5 |
| 20120329 | 7.5 | 0 | 7.5 |
| 20120405 | 2.5 | 5 | 7.5 |
| 20120412 | 7.5 | 0 | 7.5 |
| 20120419 | 0 | 7.5 | 7.5 |
| 20120426 | 0 | 7.5 | 7.5 |
| 20120503 | 0 | 7.5 | 7.5 |
| 20120510 | 0 | 7.5 | 7.5 |
| 20120517 | 1.5 | 6 | 7.5 |
| 20120524 | 0 | 7.5 | 7.5 |
| 20120531 | 3 | 4.5 | 7.5 |
| 20120607 | 0 | 7.5 | 7.5 |
| 20120614 | 0 | 7.5 | 7.5 |
| 20120621 | 0.5 | 7 | 7.5 |
| 20120628 | 7.5 | 0 | 7.5 |
| 20120705 | 7.5 | 0 | 7.5 |
| 20120712 | 3 | 4.5 | 7.5 |
| 20120719 | 0 | 7.5 | 7.5 |
| 20120726 | 2 | 5.5 | 7.5 |
| 20120802 | 7.5 | 0 | 7.5 |
| 20120809 | 7 | 0.5 | 7.5 |
| 20120816 | 0.5 | 7 | 7.5 |
| 20120823 | 7.5 | 0 | 7.5 |
| 20120830 | 0 | 7.5 | 7.5 |
| 20120906 | 7.5 | 0 | 7.5 |
| 20120913 | 0 | 7.5 | 7.5 |
| 20130920 | 0 | 7.5 | 7.5 |
| 20120927 | 1 | 6.5 | 7.5 |
| 20121004 | 0 | 7.5 | 7.5 |
| 20121011 | 0 | 7.5 | 7.5 |
| 20121018 | 1 | 6.5 | 7.5 |
| 20101025 | 7 | 0.5 | 7.5 |
| 20121101 | 5.5 | 2 | 7.5 |
| 20121108 | 2.5 | 5 | 7.5 |

Exhibit B
Compensation.calculation.xls

Sheet1

| | | | |
|---|---|---|---|
| 20121115 | 0 | 7.5 | 7.5 |
| 20121121 | 0 | 7.5 | 7.5 |
| 20121129 | 7.5 | 0 | 7.5 |
| 20121206 | 4 | 3.5 | 7.5 |
| 20121213 | 7.5 | 0 | 7.5 |
| 20121220 | 0 | 7.5 | 7.5 |
| 20121221 | 0 | 0 | 0 |
| 20121227 | 7.5 | 0 | 7.5 |
| 20130103 | 7.5 | 0 | 7.5 |
| 20130110 | 1 | 6.5 | 7.5 |
| 20130117 | 3.5 | 4 | 7.5 |
| 20130124 | 7.5 | 0 | 7.5 |
| 20130131 | 2 | 5.5 | 7.5 |
| 20130207 | 0 | 7.5 | 7.5 |
| 20130214 | 7.5 | 0 | 7.5 |
| 20130221 | 2.5 | 5 | 7.5 |
| 20130228 | 0 | 7.5 | 7.5 |
| 20130307 | 0.5 | 7 | 7.5 |
| 20130314 | 7.5 | 0 | 7.5 |
| | 186.5 | 301 | 487.5 |
| | | | |
| | | | |
| | 1865 | 4515 | 6380 |
| | | | 12760 |

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LANCE WILLIAM BARNES,        )
                             )    CIVIL ACTION FILE
            Plaintiff,       )    NO. 1:13-cv-0056-JRH-WLB
                             )
      VS.                    )    ACCEPTANCE OF
                             )    RULE 68 OFFER
FERRELL ELECTRIC, INC.       )
and JAMES N. FERRELL         )
                             )
            Defendants.      )
_____  )

## ACCEPTANCE OF OFFER

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff Lance William
Barnes ("Barnes") by and through his undersigned counsel of record, accepts the offer
of Defendants Ferrell Electric, Inc. and James N. Ferrell (collectively "Ferrell"), to pay
Barnes $10,350.00 for Barnes's straight time and overtime pay (for the period
December 15, 2011 through March 11, 2013) and liquidated damages. The Court will
award costs, expenses, and reasonable attorney fees to Barnes as prevailing party.

Respectfully submitted this 29th day of July, 2013

ARTHUR H. SHEALY (ID# 6605)
1010 OLD PLANTATION ROAD
NORTH AUGUSTA, SC 29841
(803) 278-5149  ashealy4@comcast.net
Attorney for Plaintiff LANCE WILLIAM BARNES

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LANCE WILLIAM BARNES,          )
                               )
          Plaintiff,           )
                               )
VS.                            )
                               )
FERRELL ELECTRIC, INC.         )
and JAMES N. FERRELL           )
                               )
                               )
                               )
          Defendants.          )

CIVIL ACTION FILE
NO. 1:13-cv-00056-JRH-WLB

CERTIFICATE OF SERVICE

I hereby certify that I have this 29th day of July, 2013, served copies of the within and foregoing ACCEPTANCE OF OFFER upon the following by United States Mail, in a properly addressed envelope, with adequate postage affixed thereon, to:

Timothy W. Johnson
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227

North Augusta, SC

July 29, 2013

ARTHUR H. SHEALY (ID# 6605)
1010 OLD PLANTATION ROAD
NORTH AUGUSTA, SC 29841
(803) 278-5149  ashealy4@comcast.net
Attorney for Plaintiff Lance William Barnes
South Carolina State Bar #14491

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM BARNES, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 1:13-cv-0056-JRH-WLB |
| | ) | |
| VS. | ) | AFFIDAVIT OF |
| | ) | ARTHUR H. SHEALY |
| FERRELL ELECTRIC, INC. | ) | IN SUPPORT OF |
| and JAMES N. FERRELL | ) | JOINT MOTION TO APPROVE |
| | ) | SETTLEMENT |
| Defendants. | ) | |

AFFIDAVIT OF ARTHUR H. SHEALY-RE: COSTS AND ATTORNEY FEES

PERSONALLY appeared before me, BRANDY N. SMITH-BROOKSHIRE

the undersigned deponent who being duly sworn says that:

1.      My name is ARTHUR H. SHEALY.  I have read this statement consisting of 3

pages, each of which I have signed.  I fully understand this statement and it is true,

accurate, and complete to the best of my knowledge and belief.  I make this statement

freely and voluntarily without any threats or reward, or promises of reward having

been made to me in return for it.  I have personal knowledge of the facts stated herein.

I am over eighteen years of age and am competent to testify in court.  I make these

statements under penalty of perjury.

2      I am Attorney for  Plaintiff, LANCE WILLIAM BARNES ("BARNES"), in

this Fair Labor Standards Act ("FLSA") suit against FERRELL ELECTRIC, INC. and

JAMES N. FERRELL ("FERRELL").


EXHIBIT
2

3.     In my PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES filed and

served on June 28, 2013, I responded to Item 3 as follows:

> 3. A computation of each category of damages claimed by the
> disclosing party — who must also make available for inspection and
> copying as under Rule 34 the documents or other evidentiary material,
> unless privileged or protected from disclosure, on which each
> computation is based, including materials bearing on the nature and
> extent of injuries suffered; RESPONSE:
> Barnes's damages are estimated as follows . . . .
> Costs – Filing Fee $350.00, Service fee $65.00, Pro Hac Vice Filing Fee
> $200.00
> Attorney Fees – $5,000.00

4.     On July 15, FERRELL's Counsel filed, served, and emailed

FERRELL's Rule 68 Offer of Judgment to settle BARNES wage claims for the

amount of $10,350.00.

5.     On July 29, 2013, I served and emailed an Acceptance of Rule 68 Offer

on FERRELL's Counsel.



6.     From July 29, 2013 when I filed the Acceptance of the Rule 68 offer

until August 20, 2013 when all parties signed the final settlement agrrement.  I

attempted to negotiate costs and attorneys' fees with Ferrels' Counsel.

Plaintiff's Co-counsel Batson has been practicing civil rights law since 1979;  I

have been practing law since December 1983; our time is worth $350.00 per

hour each.

7.     In my 26(a)1 response I demanded: Costs –  Filing Fee $350.00,

Service fee $65.00, Pro Hac Vice Filing Fee $200.00 and Attorney Fees –

$5,000.00.

8.     I objected to the Defense Counsel's original costs and  attorneys' fees

offer conveyed by email on August 5, 2013 in the amount of $5525.00. I accepted Defense Counsel's August 12, 2013 costs and attorney fees offer of $7650.00.

9.      Subtracting the costs in the amount of $615.00 from the costs/fee offer of $7650.00 leaves $7035.00. Dividing this amount by the $350.00 per hour value of the Plaintiff's attorneys' time, yields compensation to the Plaintiff's attorneys for 20.1 hours. During the course of this case, Plaintiff's Counsel has drafted and filed numerous documents, participated in the Rule 26 conference, received and sent one hundred nineteen emails and taken numerous phone calls. Plaintiff's Counsel has spent far more than 20.1 hours on this case. This attorney fee is not excessive.



10.     The above stated facts are true and correct.

Executed under penalty of perjury on November 4, 2013, in the County of Aiken, State of South Carolina.

_____
ARTHUR H. SHEALY (ID# 6605)
1010 OLD PLANTATION ROAD
NORTH AUGUSTA, SC 29841
(803) 278-5149  ashealy4@comcast.net
South Carolina State Bar #14491

Subscribed and sworn to before me,
under penalty of perjury, this November 4, 2013
at North Augusta, SC

_____
Notary Public for the State of South Carolina
My Commission Expires: July 2, 2020

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is made and entered into by and between **LANCE WILLIAM BARNES** ("Barnes"), on the one hand and **FERRELL ELECTRIC, INC.** ("Ferrell Electric") and **JAMES N. FERRELL** ("Ferrell"), on the other hand, (collectively referred to herein as "the Parties").

### I.    FACTUAL RECITALS

1.0    **WHEREAS**, Barnes worked as a full-time electrician's helper for Ferrell Electric from December 15, 2011 to March 11, 2013 and claims to have not received full straight time and overtime compensation from Ferrell Electric and Ferrell for his work;

1.1    **WHEREAS**, Ferrell Electric and Ferrell claim that Barnes did in fact receive full straight and overtime pay for his reported work hours while employed with Ferrell Electric;

1.2    **WHEREAS**, as a result of the disagreement between the Parties regarding Barnes's claims for straight and overtime pay, on April 8, 2013, Barnes filed an FSLA lawsuit against Ferrell Electric and Ferrell styled: *Lance William Barnes vs. Ferrell Electric, Inc. and James N. Ferrell*, in the United States District Court for the Southern District of Georgia, Augusta Division, Civil Action File No. 1:13-cv-00056-JRH-WLB (the "Lawsuit");

1.3    **WHEREAS**, on May 24, 2013, Ferrell Electric and Ferrell filed an Answer to Barnes's Complaint with Ferrell also filing an Answer on July 2, 2013;

1.4    **WHEREAS**, on July 15, 2013, Ferrell Electric and Ferrell served Barnes with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure offering to pay Barnes $10,350.00 in resolution of his wage claims for the period of

- 1 -


EXHIBIT
3

December 15, 2011 through March 11, 2013 and claim for liquidated damages with the Court to determine the allowable attorneys' fees, expenses, and costs due Barnes.

1.5    **WHEREAS**, on July 29, 2013, Barnes accepted the Offer of Judgment to resolve his claims for straight and overtime pay for the period of December 15, 2011 through March 11, 2013 plus liquidated damages for payment of $10,350.00 with the Court to determine the amount of attorneys' fees, expenses, and costs due Barnes.

1.6    **WHEREAS**, on August 13, 2013, after engaging in settlement negotiations, the Parties settled the attorneys' fees, expenses, and costs component of Barnes's claim with the Parties agreeing to the terms and conditions contained herein in final resolution of the Lawsuit;

**NOW, THEREFORE**, in consideration of the foregoing premises, which are hereby incorporated into and made a part of this Agreement, and the mutual covenants and agreements set forth below, and with each of the undersigned intending to be legally bound, the Parties hereby agree as follows:

## II.    TERMS OF SETTLEMENT

2.0    On or before September 15, 2013, Ferrell Electric shall pay the sum of **$18,000.00** to Barnes and his attorney of record, Arthur H. Shealy ("Shealy"), with Ferrell Electric issuing three separate checks.

2.1    Ferrell Electric will pay Barnes the gross amount of $5,175.00 with a check being made payable to "Lance W. Barnes" with Ferrell Electric deducting Barnes's share of FICA and income withholding taxes and any other amounts required by state or federal law. Ferrell Electric will issue Barnes a W-2 form for this $5,175.00 gross payment.

2.2     Ferrell Electric will issue a check for $5,175.00 made payable to "Lance W. Barnes" from which Ferrell Electric will not deduct or withhold any amounts.  Ferrell Electric will issue Barnes a 1099 form for this check and will file a 1099 with the IRS.

2.3     Ferrell Electric will issue a check for $7,650.00 made payable to "Arthur H. Shealy" as attorney of record for Barnes with this $7,650.00 payment comprising $7,500.00 in attorneys' fees and $150.00 in costs and expenses incurred in prosecuting the Lawsuit and will also issue a 1099 for that payment as well.

2.4     Upon Ferrell Electric's checks being timely delivered and clearing the issuing bank, Barnes's counsel within five business days thereafter, shall file a Stipulation of Dismissal With Prejudice of the Lawsuit which will be executed by the Parties' respective counsel (with expressed permission to be given by Ferrell Electric's and Ferrell's counsel to Barnes's counsel to sign his name to the stipulation) dismissing all of Barnes's claims in the Lawsuit with prejudice.

### III.     MUTUAL RELEASE

3.0     Upon Ferrell Electric's checks clearing the issuing bank and the Stipulation of Dismissal With Prejudice being filed in the Lawsuit, Barnes, on behalf of himself, his heirs, successors, representatives, transferees, assigns, agents, predecessors, and attorneys, does hereby fully and unconditionally release and forever discharge Ferrell Electric and Ferrell, together with Ferrell Electric's and Ferrell's heirs, successors, employees, d/b/a's, representatives, transferees, assigns, agents, shareholders, members, owners, managers, officers, directors, predecessors, parent and affiliated companies, subsidiaries, and attorneys, of and from any and all manner of action or actions, cause of causes of action (in law or in equity), suits, debts, liens, judgments, liabilities, claims,

- 3 -



demands, damages, loss, employee tax liens, employee tax liabilities stemming from this Agreement, levies, attorney's fees, costs or expenses, of any nature whatsoever, known or unknown, fixed or contingent, related to the Lawsuit, this Agreement, or otherwise, which have been or could have been asserted in the Lawsuit against Ferrell Electric and Ferrell; provided, however, that any party may take such action as necessary to enforce the terms of this Agreement.

3.1     Upon Ferrell Electric's checks to Barnes and Shealy clearing the issuing bank and the Stipulation of Dismissal With Prejudice being filed in the Lawsuit, Ferrell Electric and Ferrell, on behalf of themselves, their heirs, successors, employees, d/b/a's, representatives, transferees, assigns, agents, shareholders, members, owners, managers, officers, directors, predecessors, parent and affiliated companies, subsidiaries, and attorneys, do hereby fully and unconditionally release and forever discharge Barnes, together with Barnes's heirs, successors, transferees, assigns, agents, and attorneys, of and from any and all manner of action or actions, cause of causes of action (in law or in equity), suits, debts, liens, judgments, liabilities, claims, demands, damages, loss, attorney's fees, costs or expenses, of any nature whatsoever, known or unknown, fixed or contingent, with the exception of any of Barnes's tax liabilities relating to the Lawsuit or this Agreement, which have been or could have been asserted against Barnes in the Lawsuit; provided, however, that any party may take such action as necessary to enforce the terms of this Agreement.

3.2     The Parties agree that the releases set forth above, once effective, may and shall constitute a full and complete defense to, and may be used as the basis for an

- 4 -



injunction against, any action, suit, or other proceeding which may be instituted, prosecuted or maintained in breach thereof.

## IV.   GENERAL

4.0   The execution of this Agreement and performance hereunder is not and shall not be construed in any way as an admission of wrongdoing or liability on the part of any of the Parties.  The Parties have entered into this Agreement in order to avoid the burden, expense, and delay of continued or further litigation and to resolve their differences relating to the claims and defenses in the Lawsuit and disputes arising therefrom.

4.1   The Parties represent and warrant that they have not assigned, encumbered or legally or equitably transferred to any third party any of the claims or rights that otherwise are subject to the releases under this Agreement.

4.2   This Agreement has been duly authorized and executed by each party, shall be binding upon the Parties, and shall inure to the benefit of the Parties hereto, as well as to the benefit of their respective heirs, successors, employees, d/b/a's, representatives, transferees, assigns, agents, shareholders, members, owners, managers, officers, directors, predecessors, parent and affiliated companies, subsidiaries, attorneys, as described herein.

4.3   In entering into this Agreement, each of the Parties represents that they have relied upon the advice of attorneys of their own choosing, that the terms of this Agreement have been read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by the Parties.



4.4     Each of the Parties hereby expressly declares, represents, and warrants that they are fully authorized and competent to enter into this Agreement, that he (or the representative signing on its behalf) is not operating under any present disability or limitation which would affect the party's capacity to enter into this Agreement, and that he/she is sui juris.

4.5     Each of the Parties hereby expressly declares, represents, and warrants that they understand and acknowledge that the Parties described herein rely upon the truth, accuracy and validity of all promises, representations and warranties contained herein.

4.6     The Parties represent, understand, and acknowledge that this Agreement encompasses and constitutes the entire understanding of the Parties as to the settlement of all claims that are the subject of this Agreement, and supersedes all prior negotiations, discussions, and agreements concerning such subject matter.   All oral or written understandings preceding this Agreement are void and hereby superseded by this Agreement.

4.7     This Agreement cannot be amended or modified except by a written amendment that is agreed to and signed by the Parties.

4.8     The Parties represent and agree that they have not, and will not, contact any news media, issue any press releases, or reveal to any news media that the Lawsuit has been settled or any information related to this Agreement or any of the amounts paid hereunder.

4.9     No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall constitute, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach,

- 6 -



and no course of conduct by any party or among the Parties shall be deemed to amend the terms and conditions hereof except if such is reduced to writing and executed by all Parties hereto.  No waiver of any provision of this Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), nor shall any waiver constitute a continuing waiver unless otherwise specifically provided.

4.10    This Agreement may be executed in counterpart originals and by e-mail or facsimile, and shall be effective when each of the Parties to the Agreement has signed any of the counterparts with the Parties agreeing to execute two counterpart originals of this Agreement, one of which shall be delivered to counsel for Barnes and the other to counsel for Ferrell Electric and Ferrell.

4.11    Each party will pay its own attorneys' fees and expenses incurred with regards to this Agreement unless otherwise expressly provided for in this Agreement.

4.12    Each person signing this Agreement on behalf of himself or the respective Party named below acknowledges and certifies that he or she is authorized to sign this Agreement on behalf of the respective party for whom each signs.

4.13    If any party initiates legal action to enforce the terms of this Agreement, the prevailing party shall be entitled to collect from the other party all attorneys' fees and expenses reasonably incurred.

4.14    If any term, covenant, or condition of this Agreement is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof, and the remainder of this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein and shall be valid and enforceable to the fullest extent permitted by law.

- 7 -



IN WITNESS THEREOF, the Parties have hereunto affixed their hands and seals effective on the date first set forth below.

LANCE WILLIAM BARNES

_____
Signature

_____
Print Name

8-28-13
_____
Date

*(Signatures continue on next page)*

- 8 -

**FERRELL ELECTRIC, INC.**

_____
Signature

James N. Ferrell
_____
Print Name

President / Owner
_____
Title

8/26/13
_____
Date


**JAMES N. FERRELL**

_____
Signature

James N. Ferrell
_____
Print Name

8/26/13
_____
Date

SB V

Department of the Treasury
Internal Revenue Service
ACS SUPPORT - STOP 813G
PO BOX 145566
CINCINNATI, OH 45250-9943

Date:
OCT. 05, 2013

Taxpayer Identifying Number:

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-3903

FERRELL ELECTRIC INC
413 VAUGHN RD
AUGUSTA          GA 30907-8917

000557

Re:
LANCE W BARNES
3720 PINE RIDGE RUN
AUGUSTA   GA    30907-2716203

### We Released The Taxpayer Levy

We mailed you a NOTICE OF LEVY requiring that you turn over property belonging to the taxpayer named above as payment of taxes owed.

We have now RELEASED FROM LEVY all property or rights to property belonging to the above named taxpayer. You are no longer required to turn over under this levy any money, property, or rights to property belonging to the taxpayer.

Thank you for your cooperation.

*V. A. Ristogno*

Operations Manager, Automated Collection System



EXHIBIT
4